UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE,
AT CHATTANOOGA

| | |
|---|---|
| DAVID CONDRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 1:22-cv-00010 |
| | ) JURY REQUESTED |
| MARION COUNTY, TENNESSEE | ) |
| JAMES H. HAWK, Individually | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Comes the Plaintiff, DAVID CONDRA, and sues the Defendants, MARION COUNTY, TENNESSEE, and JAMES H. HAWK, individually, and would show the Court as follows:

### I.    INTRODUCTION

1. This is an action brought pursuant to 42 U.S.C. § 1983 seeking declaratory and equitable relief, compensatory and punitive damages and other relief against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the First Amendment to the United States Constitution.

### II.    JURISDICTION

2. Jurisdiction is founded upon 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

### III.    PARTIES

3. The Plaintiff, DAVID CONDRA, is a citizen and resident of Marion County, Tennessee and resides at 4855 Alvin York Highway, Whitwell, Tennessee 37397. At all times relevant, Plaintiff was an employee of the Marion County Highway Department, working as a "truck driver" until his demotion to "laborer" after which he was terminated on or about May 4, 2021.

1

4. The Defendant, MARION COUNTY, TENNESSEE, is a governmental entity organized and existing pursuant to the laws of the State of Tennessee and sued in its official capacity. Defendant, MARION COUNTY, TENNESSEE, is an entity subject to suit pursuant to 42 U.S.C. § 1983 and may be served with process through its Mayor, David Jackson, 1 Courthouse Square, Suite 105, Jasper Tennessee. A department within Marion County, Tennessee government is the Road Superintendent. The duly elected road superintendent of Marion County, Tennessee was James Hawk. The duties of the road superintendent are set out in T.C.A. § 54-7-101 *et seq*. As Road Superintendent, James Hawk acted under color or law and the customs and usages of the State of Tennessee and was the final and highest decisionmaker in the establishment, formulation and implementation of policies and customs for the Marion County Highway Department (hereinafter referred to as "MCHD").

5. The Defendant, JAMES H. HAWK, (hereinafter referred to as "Hawk") at all times relevant, was a citizen and resident of Marion County, Tennessee and was the duly elected Road Superintendent of Marion County, Tennessee. This Defendant is sued individually.

## IV. FACTS

6. At the time of Plaintiff's termination, he had been employed by MCHD for almost three (3) years.

7. Throughout his employment with MCHD, Plaintiff was a good employee and never received any type of disciplinary action.

8. Plaintiff was initially hired as a "truck driver" and continued with those duties until Hawk began taking retaliatory action against him.

9. At all times relevant, Plaintiff's employment with MCHD was a non-administrative, non-policymaking and non-confidential position.

10. During the 2020 Marion County Highway Superintendent Election, Hawk required Plaintiff, and other employees, to actively support his re-election efforts and to take and distribute campaign materials supporting Hawk.

11. Hawk instructed Plaintiff to take 5 – 10 of Hawk's campaign signs to put into his yard and to distribute. Refusing to take Hawk's campaign signs was not an option. Plaintiff refused to place the signs in his yard or distribute them.

12. Also, Hawk demanded that Plaintiff, and other employees, work the election polls for him, even outside of working hours, but Plaintiff refused. All of which angered Hawk.

13. In further violation of MCHD policies, Hawk required Plaintiff and other employees to carry his re-election signs in MCHD vehicles and place those signs throughout the county during working hours.

14. During his re-election campaign, Hawk would routinely question employees about who they were going to vote for.

15. Prior to the election, Hawk became aware that Plaintiff was not placing Hawk's campaign signs and distributing his campaign materials.

16. After Hawk learned of Plaintiff's refusal to participate in his re-election campaign and refused to distribute his campaign materials, Hawk's attitude toward Plaintiff changed significantly, and soon thereafter, demoted Plaintiff to a significantly more labor intensive job, all as punishment for Plaintiff's refusal to support Hawk's political candidacy.

17. Hawk won the 2020 Marion County Road Superintendent election.

18. After Hawk won the 2020 election, he made statements to others that he was going to terminate Plaintiff due to Plaintiff's refusal to support Hawk's reelection.

19. Thereafter, Hawk commenced a concerted campaign to terminate Plaintiff's

employment, all without justification. In March 2021, Plaintiff received an unjustified write-up for failing to place "men working" signs, although other workers were present and not disciplined. In April 2021, Plaintiff received another unjustified write-up and was suspended without pay for 2 days. Then on or about May 3, 2021, Plaintiff was allegedly written up a third time, without justification. Plaintiff was never given a copy of this write-up and was terminated, without justification, the next day.

20. Plaintiff avers he was terminated because he did not campaign for or support Hawk in his re-election campaign in violation of his rights under the First Amendment to the U.S. Constitution.

21. The reasons given by Hawk for Plaintiff's termination was false and pretextual.

22. As a proximate result of the unlawful, improper actions of Hawk, Plaintiff has suffered economic loss, physical injury, mental and emotional distress, damage to reputation and other injury.

23. The actions of Hawk individually were willful, reckless, malicious, intentional, oppressive and taken with unconstitutional or improper motive and purpose and in intentional disregard for Plaintiff's clearly established constitutional rights or in such reckless disregard of those rights as to render Hawk individually liable for punitive damages.

### V. CAUSES OF ACTION
#### a. *Violation of First Amendment*

24. The actions of Defendants in terminating Plaintiff violated his rights under the First Amendment to the United States Constitution.

### VI. RELIEF REQUESTED

25. Enter a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that Plaintiff's termination violated Plaintiff's rights as secured by the First Amendment to the U.S.

Constitution.

26.     Issue a mandatory injunction reinstating Plaintiff to the position he would have occupied absent the legal violations as set out above with all benefits and pay due him.

27.     Issue a prohibitory injunction, restraining, prohibiting and enjoining Defendants from taking retaliatory action against Plaintiff upon his reinstatement.

28.     Award Plaintiff a judgment against the Defendants individually in an amount sufficient to compensate him for his injuries and damages and award Plaintiff punitive damages in an appropriate amount.

29.     Award Plaintiff his reasonable attorney fees, expert fees and costs pursuant to 42 U.S.C. § 1988.

30.     Empanel a jury to try this matter.

31.     Award Plaintiff such other and further general relief as he may be entitled.

Respectfully submitted.

WORTHINGTON & WEISS, P.C.

s/ W. Tyler Weiss
W. TYLER WEISS [BPR No. 028801]
409 N. College Street, Suite 1
Madisonville, Tennessee 37354
Office: (423) 442-5353
Email: tweiss@worthingtonweiss.com

LAW OFFICES OF ROLAND MUMFORD

s/ Roland Mumford
ROLAND MUMFORD [BRP No. 026495]
242 W. Main Street, No. 223
Hendersonville, Tennessee 37075
Office: (615) 348-0070
Email: roland@mumfordlaw.net